W. Charles Smithson, Legal Counsel Kansas Commission on Governmental Standards and Conduct 109 W. 9th Street, Suite 504 Topeka, Kansas 66612
Dear Mr. Smithson:
You request our opinion regarding the applicability of a statute of limitations on the conduct of investigations, filing of complaints, and assessment of civil penalties by the Commission on Governmental Standards and Conduct. Specifically, you ask whether a statute of limitations is applicable when the Commission is performing duties prescribed under the Campaign Finance Act, K.S.A. 25-4142 et seq., and the State governmental ethics provisions set forth in K.S.A. 46-215 et seq.
The Kansas Commission on Governmental Standards and Conduct is a nine-member commission charged with the administration of the Campaign Finance Act and the State governmental ethics provisions. See K.S.A.25-4119a; 46-253. Under these laws, the Commission accepts complaints regarding alleged violations (K.S.A. 25-4160; 46-255), investigates such complaints (K.S.A. 25-4161; 46-256; 46-260), and notifies designated authorities when the Commission determines violations have occurred (K.S.A. 25-4166; 46-262).
K.S.A. 60-521 states:
 "As to any cause of action accruing to the state, any political subdivision, or any other public body, which cause of action arises out of any proprietary function or activity, the limitations prescribed in this article shall apply to actions brought in the name or for the benefit of such public body in the same manner as to actions by private parties, except in (1) actions for the recovery of real property or any interest therein, or (2) actions to recover from any former officer or employee for his or her own wrongdoing or default in the performance of his or her duties."
In KPERS v. Reimer Koger Assosc., Inc., 262 Kan. 635 (1997), the Kansas Supreme Court reviewed whether numerous claims filed by KPERS against individuals, accounting firms, and law firms associated with its direct placement investment programs were barred by the statute of limitations. In reaching its decision in this case, "[the Court] consider[ed] the distinction between proprietary and governmental functions in detail. . . ." 262 Kan. at 643. The Court reviewed a number of cases regarding both governmental immunity and application of statutes of limitations. After setting forth its lengthy review, the Court stated:
 "In making this analysis, we are not guided by the governmental immunity cases but rather by those that are directly related to our question — the application of statutes of limitations to actions brought by the State or its agencies, counties, municipalities, school districts, or other governmental units.
 "K.S.A. 60-521 sets forth the Kansas Legislature's intention to have periods of limitations apply to proprietary functions or activities. But, the rule of State v. School District, 34 Kan. 237, Syl. ¶ 3, 8 P. 208 (1885), that '(n)o statute of limitations will run against the state or the sovereign authority unless the statute itself expressly so provides,' requires that we find causes of action arising out of a governmental function are not subject to any statute of limitations." 262 Kan. at 666.
Therefore, if the functions of the Commission are governmental in nature, no statute of limitations is applicable.
In State, ex rel. Stephan v. Brotherhood Bank Trust Co.,8 Kan. App. 2d 57 (1982), the Attorney General attempted to bring an action under the Kansas Consumer Protection Act (KCPA) against the bank for failure to disclose to the consumers the existence of a balloon payment under a loan agreement. The District Court determined the statute of limitations controlling actions upon liability created by statute had run. 8 Kan. App. 2d at 58. After determining that the transaction was subject to the KCPA, the Court of Appeals stated:
 "We now consider whether the filing of this action by the attorney general is a proprietary or a governmental function of the State. Governmental functions are those which are performed for the general public with respect to the common welfare and for which no compensation or particular benefit is received [emphasis added], while proprietary functions are exercised when an enterprise is commercial in character or is usually carried on by private individuals or is for the profit, benefit or advantage of the governmental unit conducting the activity. [Citation omitted.] The actual transaction underlying this action is a private one between individuals but the action arises [emphasis in original] out of the duty of the attorney general to enforce the [KCPA]." 8 Kan. App. 2d at 62.
See also KPERS, 262 Kan. at 635, Syl. ¶ 6.
The Court of Appeals reviewed the purpose behind the enactment of the KCPA in determining that the action of the Attorney General constituted a governmental function.
 "The attorney general is granted broad investigatory and rulemaking authority for the purpose of protecting the public from unscrupulous suppliers and is given the discretion to exercise these powers in a manner which will further the public interest. Furthermore, the attorney general is required to enforce the KCPA throughout the state and receive and act on complaints. [Citations omitted.] Thus, it is clear that the KCPA was enacted in the interest of the public generally. Whether one consumer, ten or one hundred consumers, may receive actual damages as a result of a suit by the attorney general does not diminish the overall benefit to the State's interest in protecting consumers against deceptive and unconscionable acts and practices.
 "In performing the duties required by the act, the attorney general acts in the interest of the State and for its benefit. Furthermore, there is no express provision in the act subjecting the State to all defenses which would be available against a private consumer. Therefore, we must conclude that an action brought by the attorney general, in his official capacity and exercising the authority conferred upon him by the KCPA, is a governmental function. Accordingly, we hold that the trial court erred when it ruled that this action was barred by the statute of limitations." 8 Kan. App. 2d at 62-63.
The functions of the Commission under the Campaign Finance Act and State governmental ethics provisions appear analogous to those of the Attorney General under the KCPA. The Commission performs duties prescribed by State statutes in a manner prescribed by State statutes. The Commission possesses investigatory authority and may adopt rules and regulations for the administration of the Campaign Finance Act and the State governmental ethics provisions. K.S.A. 25-4119a; 46-253. See K.A.R. 19-1-1 et seq. The disclosure requirements of the Campaign Finance Act serve to protect the public in general by providing a means through which the electorate may evaluate a candidate for public office, corruption is deterred, and potential violations uncovered. See Buckley v. Valeo, 424 U.S. 1, 66-68,46 L.Ed.2d 659, 96 S.Ct. 612 (1976). The State governmental ethics provisions serve the public policy that individuals occupying public positions should not use those positions to further their own personal gain. See Attorney General Opinions No. 93-60; 91-32; 90-4. In performing the duties required under the Campaign Finance Act and the State governmental ethics provisions, the Commission acts in the interest and for the benefit of the State. The functions performed by the Commission under such statutory provisions are governmental in nature. Therefore, statutes of limitation are not applicable to the Commission's actions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm